UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

JEFFREY HOEFLICKER, on behalf of himself and those similarly situated,

    Plaintiff,

vs.

CPC LOGISTICS, INC.

    Defendant.

Case Number: 15-cv-00679-BP

Jury Trial Demand

## PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff, Jeffrey Hoeflicker, moves for preliminary approval of the class action settlement reached between himself and Defendant CPC Logistics, Inc. ("CPC").

This case presents a putative nationwide class action filed under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Defendant vigorously deny these allegations. Nevertheless, after discovery and formal mediation with John Phillips of Husch Blackwell, the parties were able to reach a settlement that resolves the claims of Plaintiff and the Settlement Class. A copy of the Settlement Agreement and Release ("Agreement") is attached hereto as *Appendix 1*.

To resolve this litigation, Defendants agree to pay $325,000 non-reversionary fund to satisfy the class's claim for statutory damages, to be divided *pro rata* among those of the approximately 3,887class members who do not opt out. There is no claim form requirement such that every class member will receive a check for approximately $50 subject to Court approval of administration costs, fees and incentive award. Not a penny will go back to Defendant.

Moreover, the settlement requires notice to be sent to the class members advising them of the right to opt out, as provided by Federal Rule 23, thus giving class members the choice of pursuing their own individual claim, or staying in the class and submitting a claim for a share of the class recovery.

Plaintiff submits this Memorandum in support of his Motion for Preliminary Approval of Settlement, certification of the class for purposes of settlement, and approval of the form, manner, and administration of notice. A final motion and proposed order supporting the fairness of the proposed settlement will be submitted after members of the Settlement Class have received notice and have had an opportunity to object/comment or opt-out, and prior to the Court's Final Approval Hearing. For the reasons set forth in detail below, the proposed settlement is reasonable, fair, and adequate, and it should be approved by the Court.

## I. NATURE OF THE LITIGATION

### A.   Litigation, Mediation, and Settlement

On September 3, 2015, Mr. Hoeflicker individually and on behalf of a putative class, filed a complaint in the United States District Court for the Western District of Missouri, alleging willful violations of the FCRA relating to the use of consumer reports. Plaintiff alleged that CPC violated the FCRA, § 1681b(b)(3)(B) by taking adverse action against applicants for employment and employees based in part on consumer reports, and after doing so, failing to notify said applicants or employees within three business days.

The consumer reports that CPC uses are referred to as DAC (i.e, Drive-a-Check) reports, which are background reports for individuals with commercial driver licenses. DAC reports contain, inter alia, employment history, license verification and driving history. The foundation

2

of this case is CPC's failure to provide proper notice when taking adverse actions against job applicants in conjunction with the use of the consumer reports.

Defendant has maintained it does not record or keep records of why any particular candidate is passed over in favor of another candidate and that candidates fall out of the hiring process at various stages for any number of reasons, some of which are candidate-induced. CPC contended it would be impossible to divine between those candidates who may have been excluded from further consideration based in whole or in part on the content of their consumer report from those candidates who may have excluded themselves from further consideration or who were excluded based on factors unrelated to the content of their consumer report.

After this Court resolved the discovery dispute relating to the class data that Plaintiff sought (Dkt. 28), the Parties conducted a mediation session with John Phillips of Husch Blackwell, a respected mediator, on May 2, 2016, through arm's-length negotiations, and reached an agreement in principle to resolve the Litigation, contingent upon the negotiation and execution by the Parties of a final agreement approved by the Court.

**Damages Issues.**

Liability under the FCRA is not strict and only arises upon a finding of negligence or willful failure to comply. 15 U.S.C. §§ 1681n & 1681o. Further, unless there is a finding of a willful noncompliance, Plaintiff (and thus the Class) must establish actual damages. Statutory and punitive damages are *only* available where there is a finding of a willful violation. *See id.* As such, either the Class must proceed on a uniform "actual damages" claim, or it must pursue statutory and punitive damages under the more challenging "willfulness" standard of Section 1681n. In this case, Plaintiff pressed the claim for a willfulness remedy seeking statutory damages as a proxy for actual damages. See e.g. *Murray v. GMAC Mortgage Corp.*, 434 F.3d

3

Case 4:15-cv-00679-BP   Document 36   Filed 07/18/16   Page 3 of 16

948, 953 (7th Cir. 2006) (Finding statutory damages an appropriate class remedy to overcome the manageability difficulties of compensable damages for consumers whose individual losses "are likely to be small—a modest concern about privacy, a slight chance that information would leak out and lead to identity theft.")

In *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 69 (2007), the Supreme Court considered the standard for whether a defendant "willfully" violates the FCRA, including whether willfulness also includes "recklessness." *Id.* at 52. While it held that the former encompassed the latter, the Court also concluded that this willfulness standard is not met "unless the action is not only a violation [of the FCRA] under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. To overcome this hurdle, it is the plaintiff's burden to prove that a defendant's attempts to comply with the FCRA were "objectively unreasonable." *Id.*

For the reasons set forth above, Defendant denies liability under the FCRA.

## II. SUMMARY OF THE PROPOSED SETTLEMENT

The key terms of the proposed settlement are as follows:

**A.     Class Definition.** The Settlement Class is defined as follows:

All persons in the United States on whom CPC procured a consumer report for an employment purpose between September 4, 2013 and May 1, 2016 but who were not hired by CPC, but excluding any individual who timely files a valid written notice of intent to opt-out of the Settlement.

Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eighth Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

The parties estimated that the Settlement Class may include between 3,800 and 4,000 persons

4

who meet this class definition. Subsequently Defendant has determined that the class consists of 3,887 persons.

B. **Structure of the Settlement Amount.** The Agreement requires Defendants to pay a nonreversionary fund of $325,000 to be divided *pro rata* among those of the approximately 3,887 class members who do not opt out.

C. **Individual Class Member Benefits.** As noted above, there is no claim form required to receive the settlement benefit. Assuming no or a very small number of class members opt out, Plaintiff expects each class member to receive $50 after Court approved 1) incentive/service award to the Named Plaintiff; (2) the reasonable attorneys' fees, costs and expenses to the Class Counsel; and (3) the fees and expenses of the Settlement Administrator.

D. **Compensation for the Class Representative:** The typical class action settlement includes an extra payment to the class representative for their service to the class, called an "incentive award." *See*, *e.g.*, *Tennille v. Western Union Co.*, 785 F.3d 422, 428 (10th Cir. 2015) In this case, Plaintiff will request in his motion for Final Approval an incentive award of $10,000. The class notice will advise each class member of this request.

E. **Payment of Attorneys' Fees and Costs:** The FCRA provides a prevailing plaintiff to recover his counsel's attorneys' fees and costs. *See* 15 U.S.C. §1681. The Settlement Agreement provides the application for attorneys' fees shall be for one-third of the Settlement Amount plus documented, out-of-pocket expenses approved by the Court. The notice specifically informs the class of both the percentage sought and actual amount sought for fees: "Plaintiff will petition for a service award not to exceed $10,000 for his work in representing the Class, and for Class Counsel's fees not to exceed one-third of the fund, which is $108,334, plus reasonable expenses."

5

**F.	Release.** In exchange for the relief described above, Mr. Hoeflicker has provided a general release while the class has a much narrower release.  The Class Release provides: "Released Claims" means any and all claims, demands, rights, liabilities and causes of action alleged or that could have been alleged in Named Plaintiff's Complaint or Amended Complaint in the Litigation, including, but not limited to, claims arising under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, and any analogous state law claims for failing to provide notice of adverse action that the Settlement Class Members have or may have against the CPC Releases, or any of them for statutory damages, punitive damages that were asserted or could have been asserted, based on the facts alleged in the Complaint or any Amended Complaints filed in this Litigation. *See* Settlement Agreement, attached as *Appendix 1* at p. 6-7.

**G.	Cy Pres.**  The Settlement Administrator shall mail, by first-class mail, a check to each Settlement Class Member eligible to receive payment, postmarked within twenty (20) business days after the Effective Date. The Settlement Administrator will perform skip tracing and re-mailing, as reasonably necessary. Any money remaining in the Net Settlement Fund after distribution of settlement proceeds and deduction of all amounts approved for settlement administration costs and attorneys' fees and expenses, and after the passage of the 180-day period within which the Settlement Class Members shall be able to negotiate their checks, shall be paid as *cy pres* to the St. Christopher Truckers Development and Relief Fund, a 501(c)(3) charitable organization that helps truck drivers whose medical problems have led to financial hardship.  Once again, all of the money in the Net Settlement Fund will be sent to the class members and only if there is a balance from uncashed checks would any money go to cy pres. Except as otherwise provided in this Agreement, no money remaining in the Net Settlement Fund shall revert to or otherwise be paid to CPC.

### III. THE SETTLEMENT CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION UNDER FEDERAL RULE 23

To settle a case on a class basis, the class must meet the requirements for class certification. *See Manual for Complex Litigation* (Fourth) § 21.632; *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *See St. Louis Heart Center, Inc. v. Vein Centers for Excellence, Inc.*, No. 12-174, 2013 WL 6498245, at *2 (E.D. Mo. Dec. 11, 2013) (certifying TCPA class action). Class certification is appropriate if the proposed class meets the elements of Federal Rule of Civil Procedure 23, including the requirement that the plaintiff and his counsel be adequate class representatives.[1]

#### 1. The members of the Class are sufficiently numerous.

The first requirement of Rule 23(a) is that the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). It is undisputed that the proposed Settlement Class here consists of several thousand members who are geographically dispersed, making joinder impracticable. Thus, the Settlement Class easily satisfies the numerosity requirement." *In re Charter Commc'ns, Inc. Sec. Litig.*, No. 02-1186, 2005 WL 4045741, at *11 (E.D. Mo. June 30, 2005); *See McCabe v. Crawford & Co.,* 210 F.R.D. 631, 643 (N.D. Ill. 2002) (a class of forty or more is generally sufficient to establish numerosity).

#### 2. Questions of law and fact are common to the Class.

"Rule 23(a)(2)'s 'commonality' requirement is satisfied if a claim arises out of the same legal or remedial theory." *In re Charter*, 2005 WL 4045741, at *11. "The plaintiff must show that 'a classwide proceeding will generate common answers apt to drive the resolution of the

---

[1] It must be noted that the superiority analysis is relaxed in the settlement context because in that context trial management considerations are not a factor. *See Amchem*, 521 U.S. at 620 (in settlement context, "a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial") (citations omitted).

7

litigation.'" *St. Louis Heart Center*, 2013 WL 6498245, at *6 (citing *Bennett v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011)). Importantly, Rule 23(a)(2) is construed permissively: "the interests of the various plaintiffs do not have to be identical to the interests of every class member; it is enough that they share common objectives and legal or factual positions." *In re Charter*, 2005 WL 4045741, at *11.

Here, Class Members' claims stem from the same factual circumstances, in that the Settlement Class Members are alleged to be the subject of procedures or lack of procedures whereby Defendant, in violation of the FCRA, did not provide consumers timely notice of adverse action in relation to their consumer reports for employment purposes. The procedures at issue with respect to this claim are identical. The theories of liability as to all Settlement Class Members therefore arise from the same practices and present basic questions of law and fact common to all members of the Settlement Class. See Fed. R. Civ. P. 23(a). Accordingly, the commonality requirement is satisfied.

### 3. Typicality.

In order for Rule 23's typicality requirement to be met, a named plaintiff "may proceed to represent the class only if the plaintiff establishes that his claims or defenses are 'typical of the claims or defenses of the class.'" *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2001) (citing FED. R. CIV. P. 23(a)(3)). Typicality is satisfied as long as the plaintiff's claim is not "so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim." *Id.* at 466-67. *see also Kelly v. Phiten USA, Inc.*, 277 F.R.D. 564, 568 (S.D. Iowa 2011) ("The burden is fairly easily met so long as other class members have claims similar to the named plaintiff.").

8

Plaintiff's claims arise from Defendant's practices concerning the provision of consumer reports for employment purposes. As discussed in the previous section, these are the same claims advanced on behalf of the Settlement Class Members, and Plaintiff is a member of the settlement class. Plaintiff's claims thus rest on the same legal and factual issues as those of the class members. That is the hallmark of typicality. *See Deiter*, 436 F.3d at 466 (citing Fed. R. Civ. P. 23(a)(3)).

### 4. Mr. Hoeflicker and his counsel are adequate

Next, the Court must determine if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To meet this criterion, the representative Lead Plaintiff's interests must be consistent with, and not antagonistic to, those of the Class. Moreover, Lead Counsel must be qualified, competent and diligent." *In re Charter*, 2005 WL 4045741, at *12. As set forth above, Mr. Hoeflicker's claims are aligned with the claims of the Class. Mr. Hoeflicker therefore has every incentive to vigorously pursue the Class Members' claims, as he has done to date.

In addition, Mr. Hoeflicker retained the services of experienced class counsel who have ample experience representing plaintiffs in class actions, including nationwide FCRA class actions. *See* Declaration of Keith J. Keogh and A.J. Stecklein attached hereto as *Exhibits 2 and 3*.

### 5. Common questions predominate over any individual issues.

In addition to meeting the four requirements of Rule 23(a) and the requirements of Rule23(g), parties seeking class certification must demonstrate that the action is maintainable under one of the three subsections of Rule 23(b). Here, the Class satisfies Rule 23(b)(3).

The predominance factor "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. "When common questions

9

present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). The predominance requirement is satisfied here because the essential factual and legal issues regarding the Settlement Class Members' claims are common, and relate to alleged standardized procedures.

### 6. Class treatment is superior

To determine if the superiority requirement of Rule 23(b)(3) is satisfied, the Court must consider: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3).

Because the claims in this case all arise from the same conduct on the part of Defendants, a class action is the superior vehicle for determining the rights of absent class members. *St. Louis Heart Center*, 2013 WL 6498245, at *11 ("Because the statutory damages available to each individual class member are small—at most $1500 per violation—it is unlikely that the class members have interest in individually controlling the prosecution of separate actions.")

### IV. THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

The procedure for review of a proposed class action settlement is a well-established two-step process. Newberg & Conte, 4 *Newberg on Class Actions*, §11.25, at 38-39 (4th Ed. 2002); *see also* David F. Herr, *Annotated Manual for Complex Litigation,* §21.632 (4th ed. 2004); and *Nieberding v. Barrette Outdoor Living, Inc.*, 2015 U.S. Dist. LEXIS 61825 at *5 (D. Kan. May 12, 2015) (Crabtree, J.)

10

The first step is a preliminary, pre-notification evaluation to determine whether the proposed settlement is "within the range of possible approval." *Newberg*, §11.25, at 38-39 (*quoting Manual for Complex Litigation*, §30.41 (3rd Ed.)); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1110 (9th Cir. 2008); *Fresco v. Auto Data Direct, Inc.*, No. 03-61063-CIV, 2007 WL 2330895 at *4 (S.D. Fla. May 14, 2007). This is not a final fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. *Newberg*, §11.25, at 38-39; *Fresco*, 2007 WL 2330895 at *4 ("A proposed settlement should be preliminarily approved if it is within the range of possible approval or, in other words, if there is probable cause to notify the class of the proposed settlement.") (internal quotations omitted).

The preliminary approval stage is an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and an informal presentation. *See Manual for Complex Litigation,* § 21.632 (4th ed. 2004). If the court finds a settlement proposal "within the range of possible approval," it then proceeds to the second step in the review process—the final approval hearing. *Newberg*, §11.25, at 38-39.

There is a strong judicial and public policy favoring the voluntary conciliation and settlement of class action litigation. *See Grady v. De Ville Motor Hotel, Inc.*, 415 F.2d 449, 451 (10th Cir. 1969) ("It is well-settled, as a matter of sound policy, that the law should favor the settlement of controversies."); *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits.") With a settlement, the class members are ensured a benefit as opposed to the "mere possibility of recovery at some indefinite time in the future." *In re Domestic Air Transport.*, 148 F.R.D. 297, 306 (N.D. Ga. 1993).

11

Although the Court has discretion in deciding whether a settlement should be approved, one of the main factors for evaluating the settlement is the judgment of the Parties that the settlement should be approved. *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). Ultimately, the Court should approve a class action settlement if it is fair, adequate, and reasonable. *See Id.*; *see also In re Motor Fuel*, 2015 U.S. Dist. LEXIS 110827 at *175 (D. Kan. Aug. 21, 2015), *citing* Fed. R. Civ. P. 23(e)(2). When conducting this analysis, the Court "should always review the proposed settlement in light of the strong judicial policy that favors settlements." *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1329 (S.D. Fla. 2001).

In determining whether the proposed settlement is fair, adequate, and reasonable, the following factors are considered: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Rutter*, 314 F.3d at 1188.

Here, the proposed Settlement easily meets each factor. The Settlement was fairly and honestly negotiated because it is the result of discovery and a formal mediation conducted by John Phillips of Husch Blackwell. The ultimate outcome was in doubt because of the defenses raised by Defendant. The value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation because the Settlement offers each class without the need to submit a claim form substantial monetary benefit. Finally, as noted above, and based on the foregoing, it is class counsel's judgment that the settlement is fair and reasonable.[2]

---

[2] *See Appendix 2* (Decl. of A.J. Stecklein) at ¶___; *Appendix 3* (Decl. of Keith J. Keogh) at ¶__.

Thus, there should be no doubt that the proposed settlement is in the best interest of class members.[3] Class counsel expects no significant opposition to it by any class member. In short, the Settlement should be preliminarily approved.

## VI. THE PROPOSED CLASS NOTICE SHOULD BE APPROVED

The Agreement includes notice procedures designed to directly reach each member of the class as is practicable. *Appendix 1* at § IV.B. First, after entry of the Preliminary Settlement Approval Order, the Claims Administrator shall cause a notice (*Appendix 1* at Exhibit 2) to be sent via regular mail to class members based on Defendants' address records, to advise class members about the settlement and specifically advises them of the estimate they will receive, the exact amount of attorney fees sought both by percentage and amount as well as the incentive fee sought by Mr. Hoeflicker,  The notice directs them to class counsel's Website, where they can obtain additional information about it, including how to comment on the settlement or opt out, and how to make a claim. Moreover, Plaintiff proposes to give class members 60 days to evaluate the notice, ask questions and decide how respond to it, which is more than sufficient. *See DeJulius v. New Eng. Health Care Emples. Pension Fund*, 429 F.3d 935, 946 (10th Cir. 2005) (notice sufficient event though most class members given less than 32 days to respond).

Class counsel's Web site supplements the mail notice with comprehensive information about the settlement (*Appendix 1* at §IV.B.3. and Exhibit 3), plus a copy of the Complaint, the Settlement Agreement, the Preliminary Settlement Approval Order for the class members to review. *Appendix 1* at §IV.B.2. The notice posted on the site provides settlement class members with a detailed explanation of their options, to enable them to make an informed decision. The notice also provides a toll-free phone number for Settlement Class Members to contact class

---

[3] *See Appendix 2* (Decl. of A.J. Stecklein) at ¶__; *Appendix 3* (Decl. of Keith J. Keogh) at ¶___.

13

counsel to ask questions. *Appendix 1* at Exhibit 3, §21. A mailed notice combined with a Website for further information is a commonly-approved method for giving notice in class settlements. *See*, *e.g.*, *Hershey v. Exxonmobil Oil Corp.*, 2012 U.S. Dist. LEXIS 50469 at *1-*2 (D. Kan. Apr. 11, 2012); *Berkson v. Gogo, LLC*, 2015 U.S. Dist. LEXIS 163405 at *31 (E.D.N.Y. Dec. 4, 2015); *Perez v. Asurion Corp.*, 501 F.Supp.2d 1360, 1375 (S.D. Fla. 2007); *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012) ("All forms of notice directed class members to a website and toll-free number that contained information about the settlement.")

Third, Defendants will serve upon the Attorneys General and the Attorney General of the United States notice of the proposed settlement, pursuant to 28 U.S.C. § 1715, within ten (10) days after the proposed settlement is filed. *Appendix 1* at §IV.B.6. In short, the notice plan here should be approved.

## V. THE MATTER SHOULD BE SET FOR A FAIRNESS HEARING

After adequate notice is given to the Settlement Class and the government as required by 28 U.S.C. §1715, a fairness hearing should be held for the Court to confirm that the Settlement is fair, reasonable and adequate. *See Nieberding v. Barrette Outdoor Living, Inc.*, 2015 U.S. Dist. LEXIS 61825 at *5-*6 (D. Kan. May 12, 2015) (Crabtree, J.).

## VI. DEFENDANTS DO NOT OBJECT TO THE RELIEF REQUESTED

Defendants support the relief requested by Plaintiff in this motion, as Defendants agreed to the terms of the settlement and do not oppose its approval.

## VII. SUGGESTED SCHEDULE

Because time is needed to prepare and issue notice to the class members, because they need to be given sufficient time to consider the notice and decide whether to make a claim or consult with class counsel ask any questions they may have about the settlement, class counsel

suggests the following general scheduling outline for evaluating and concluding this settlement:

| | |
|---|---|
| _____, 2016<br>[30 days after the date of the Preliminary Approval Order] | Deadline for notice of the Settlement to be sent to the Settlement Class Members |
| _____, 2016<br>[60 days after the Notice Deadline] | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) and file any statement of intention to appear at the fairness hearing. |
| _____, 2016<br>[30 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper requests for exclusion (under seal); and<br>(2) Proof of Class Notice. |
| _____, 2017<br>[14 days before the Final Approval Hearing] | Motion and memorandum in support of final approval, including responses to any objections. |
| _____, 2017 at \_\_\_\_ \_.m.<br>[240 days after the Preliminary Approval Order] | Final Approval Hearing |

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court preliminarily approve the proposed settlement and notice plan, and set the matter for a fairness hearing by entering the proposed order attached as *Appendix 4*, and grant such other and further relief as deemed just.

Respectfully Submitted,

*s/* Keith J. Keogh
Keith J. Keogh (*pro hac vice*)
Amy Wells (*pro hac vice*)
55 W. Monroe Street
Suite 3390
Chicago, IL 60603
Tel: 312-726-1092
keith@keoghlaw.com
mhilicki@keoghlaw.com

15

A.J. Stecklein #16330
Michael H. Rapp # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
aj@kcconsumerlawyer.com
mr@kcconsumerlayer.com

*Class Counsel*


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and thereby served it on all parties.


                                                *s/* Keith J. Keogh
                                                Keith J. Keogh