IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JEFFREY HOEFLICKER, )
*on behalf of himself and those* )
*similarly situated,* )
)
                Plaintiff, )
v. ) No. 15-00679-CV-W-BP
)
CPC LOGISTICS, INC. )
)
                Defendant. )

## **ORDER**

Pending is the parties' Joint Motion for Preliminary Approval of Class Action Settlement, (Doc. 36.) There are five matters that need to be addressed before the Court grants the motion. The parties shall submit a revised Short Form Notice and Long Form Notice that addresses Items 1 and 4. The parties may, but need not, also address any of the other matters discussed in this Order. Once this is done, the Court will rule on the pending motion.

1. The Notices advise the class members that the settlement fund ($325,000) will be used to pay the costs associated with the litigation. The Settlement Agreement further specifies that "[d]ocumented, out-of-pocket expenses shall be paid in addition to attorneys' fees in the amount in which they were or are incurred . . . and to the extent approved for reimbursement by the Court." (Doc. 36-1, § III(F)(1).) However, these costs are not quantified; the only information provided is in the Settlement Agreement, where it is stated that Defendant shall advance $5,000 of the Settlement Amount to be applied to the costs of administering the settlement. (Doc. 36-1, § III(D).)

The Court understands that the parties may not know the precise amount of costs, but an approximation should be available – and the Court believes that an estimate of the total amount

of costs should be included in the Notices. Not only is this information necessary for the sake of completeness, but the costs can (depending on the amount) affect the estimated recovery for each class member. Therefore, the Notices should be amended to include the estimated total of costs to be paid from the fund to (1) compensate Class Counsel and (2) pay the Settlement Administrator.[1]

2. The parties propose sending checks to class members, with the Settlement Administrator "perform[ing] skip tracing and re-mailing, as reasonably necessary." (Doc. 36-1, § III(D)(1).) The parties anticipate that any checks that are not cashed or that are returned as undeliverable will be included in a cy pres distribution. (*Id.*; Doc. 36, p. 6.) The parties are reminded that the Court cannot rule in advance that the funds will distributed in this manner. There are a variety of factors that the Court must consider, the first of which is whether it would be feasible to distribute the funds to the class members who were successfully paid. *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015). The Notices appropriately advise the class members that the Court "may" order any remaining funds to be distributed to one or more charities, but at the appropriate juncture the parties will have to demonstrate that all of the requirements set forth in *In re BankAmerica Corp.* have been satisfied.

3. The Court is disinclined to include paragraph 18 from the Proposed Order Certifying Class, Granting Preliminary Approval of Settlement, and Directing Notice to the Class. The Court is not convinced this provision is necessary. More importantly, the Court is not convinced that it has the power to preclude the filing or prosecution of other lawsuits.

---

[1] Along these same lines, the Court understands that the pro rata recovery is intended as an estimate. However, the Court believes it is best to estimate low. For instance, if the total costs are estimated to be $20,000, then each class member's recovery could be as low as $48. While this would be "around $50" as promised in the Notices, the Court believes it is better to advise the class members that the estimated pro rata recovery would be "around $45."

4. The Summary Notice of Settlement and Release of Claims ("Summary Notice") that the parties intend to mail to class members needs to be changed. First, it incorrectly states that "a Settlement Class member who submits a valid claim form . . . may receive a payment . . . ." (Doc. 36-1, p. 42.) The process described to the Court does not include a requirement that class members submit a claim form; to the contrary, the parties explicitly represent that "[t]here is no claim form requirement . . . ." (Doc. 36, p. 1.) Moreover, the Summary Notice elsewhere states (as does the Long Form Notice to be placed on the Settlement Website) that the recipient does not need to take any action to receive payment. (Doc. 36-1, pp. 42, 50.)

Second, the Court believes that the section in the Summary Notice entitled "What does the Settlement provide?" is potentially confusing, and certainly is less clear than the counterpart provisions (sections 8 and 9) in the Long Form Notice. And, as noted above, the Summary Notice (and the Long Form Notice) should include an estimate of the costs.

Therefore, the Court directs that this section of the Summary Notice be amended in a manner similar to the following, although the parties need not utilize this precise language:

> CPC will pay $325,000 into a Settlement Fund, which will cover: (1) cash payments to Settlement Class Members; (2) an award of attorneys' fees to Class Counsel, in an amount not to exceed $108,334, (3) plus reasonable expenses of approximately ___, as approved by the Court; (4) a service award to Plaintiff, in an amount not to exceed $10,000, as approved by the Court; and (5) the costs of notice and administration of the Settlement, of approximately ___, as approved by the Court.
>
> No Portion of the Settlement Fund Will Return to CPC Logistics. Subject to the Court's approval, all unclaimed funds may be paid to the following charity as a cy pres award agreed to by the parties and approved by the Court: the St. Christopher Truckers Development and Relief Fund, a 501(c)(3) charitable organization that helps truck drivers whose medical problems have led to financial hardship.
>
> Class Counsel estimate that the amount of the cash award may be around $___. This is an estimate only. The final cash payment amount may be higher or lower than $___ and will depend on the total number of exclusions submitted by

3

Settlement Class Members and the amount of fees and expenses approved by the Court.

5. The parties will be directed to retain (or instruct the Settlement Administrator to retain) a count of the number of Summary Notices that are returned as undeliverable. The Court will require information as to the number of Summary Notices that are sent and the number of Summary Notices that are returned in advance of any hearing for final approval of the settlement.

IT IS SO ORDERED.

DATED: July 22, 2016

 /s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

4