# APPENDIX 1

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**AT KANSAS CITY**

JEFFREY HOEFLICKER, on behalf of himself
and those similarly situated,

|                              | Plaintiff, | Case Number: 15-CV-00679-BP |

vs.

CPC LOGISTICS, INC.

|                              | Defendant. |

## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("this Agreement") is entered into between and among the following parties (the "Parties" or, individually, each a "Party"): Jeffrey Hoeflicker (referred to herein as "Named Plaintiff" or "Class Representative"), on behalf of himself and the Settlement Class (as hereinafter defined) and CPC Logistics, Inc. (referred to herein as "CPC" or "Defendant"). This Agreement fully and finally compromises and settles any and all claims that were or could have been asserted in the lawsuit styled as *Hoeflicker v. CPC Logistics, Inc.*, Case No. Case No. 15-CV-00679-BP (W.D. Mo.) (the "Litigation").

WHEREAS, on September 3, 2015, Named Plaintiff individually and on behalf of a putative class, filed a complaint in the United States District Court for the Western District of Missouri, alleging willful violations of the Fair Credit Reporting Act, 15 USC §1681 et seq. (hereinafter "FCRA") against CPC;

WHEREAS, Named Plaintiff alleged that CPC violated the FCRA, § 1681b(b)(3)(B) by taking adverse action against applicants for employment and employees, and after doing so, failing to notify said applicants or employees within three business days;

WHEREAS, Named Plaintiff alleged that he and other similarly situated individuals are entitled to statutory and punitive damages, attorneys' fees and costs as a result;

WHEREAS, the Parties conducted a mediation session with John Phillips of Husch Blackwell, a respected mediator, on May 2, 2016, through arm's-length negotiations, and reached an agreement in principle to resolve the Litigation, contingent upon the negotiation and execution by the Parties of a final agreement approved by the Court;

WHEREAS, for settlement purposes only, Named Plaintiff will request that the Court certify the Settlement Class and appoint him as Class Representative and his attorneys A.J. Stecklein, Michael H. Rapp, Keith J. Keogh and Amy Wells as Class Counsel in this case;

WHEREAS, based on discovery and the experience of Class Counsel, the Class Representative and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class and in the best interest of the Settlement Class;

WHEREAS, the Class Representative, on behalf of himself and as the representative of the Settlement Class, and CPC, desire to resolve the disputes between them;

WHEREAS, the Class Representative, on behalf of himself and as the representative of the Settlement Class, and CPC, will execute this Agreement solely to compromise and settle protracted, complicated and expensive litigation; and

WHEREAS, CPC has denied and continues to deny any and all liability or wrongdoing to the Class Representative and to the Settlement Class including, without limitation, denying that CPC has ever violated the FCRA with respect to anyone, either willfully or otherwise, or ever took adverse action against the Class Representative or any member of the Settlement Class based in whole or in part on a consumer report, but CPC has nonetheless concluded that further conduct of the Litigation would be protracted and expensive, and has taken into account the uncertainty and risks inherent in the Litigation, and has determined that it is desirable that the Litigation be fully, completely, and finally settled in the manner and upon the terms set forth herein.

NOW, THEREFORE, the undersigned agree that the Litigation shall be settled, compromised, and dismissed with prejudice on the terms and conditions set forth in this Agreement, and without costs (except as provided herein), subject to Court approval of this Agreement after a hearing and finding that it is a fair, reasonable, and adequate settlement.

## I.  SETTLEMENT CLASS DEFINITION

For purposes of settlement only, the Parties agree to certification of the following as the Settlement Class:

> All persons in the United States on whom CPC procured a consumer report for an employment purpose between September 4, 2013 and May 1, 2016 but who were not hired by CPC, but excluding any individual who timely files a valid written notice of intent to opt-out of the Settlement.

> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eighth Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Persons meeting this definition are referenced herein collectively as the "Settlement Class," and individually as "Settlement Class Members." The parties estimate that the Settlement Class may include between 3,800 and 4,000 persons who meet this class definition.

## II.  OTHER DEFINITIONS

As used in this Agreement, the following terms have the meanings set forth below. Terms used in the singular shall include the plural and vice versa.

   A.   "Agreement" means this Agreement and all attachments and exhibits, which the Parties understand and agree set forth all terms and conditions of the settlement between them, and which is subject to Court approval. It is understood and agreed that CPC's obligations for payment under this Agreement are conditioned on, among other things, Final Approval of the Agreement by the Court.

   B.   "Settlement Administrator" means First Class Inc. located in Chicago, Illinois, the third-party settlement administrator agreed upon by the Parties which shall be responsible for administrative tasks related to the settlement, including, without

3

limitation: (a) arranging for distribution of the Class Notice to Settlement Class Members; (b) making any other mailings to Settlement Class Members required under the terms of this Agreement; (c) answering any inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee as appropriate; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement; (e) receiving and processing exclusions and distributing payments to Settlement Class Members; (f) distributing checks to Settlement Class Members, and (g) otherwise assisting with implementation and administration of the terms of this Agreement.

C.   "Class Counsel" means

A.J. Stecklein
Michael H. Rapp
Stecklein & Rapp Chartered
748 Ann Avenue
Kansas City, Kansas 66101

Keith J. Keogh
Amy L. Wells
Keogh Law, Ltd.
55 W. Monroe Street, Suite 3390
Chicago, IL 60603

D.   "Counsel for CPC" means

Michael Harris
Harris Dowell Fisher & Harris, L.C.
15400 S. Outer Forty, Suite 202
Chesterfield, MO 63017

Justin M. Dean
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111

4

E.     "Class Notice" means the "Summary Notice of Settlement and Release of Claims" form and the "Full Settlement Notice" to be approved by the Court, substantially in the form attached hereto as Exhibits 2 and 3.

F.     "Court" means the United States District Court for the Western District of Missouri, Western Division.

G.     "Effective Date" means the date on which the Order of Final Approval becomes Final.

H.     "Fairness Hearing" means a hearing set by the Court to take place no sooner than 149 days after entry of the Preliminary Approval Order for the purpose of: (i) determining the fairness, adequacy and reasonableness of this Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering the Order of Final Approval.

I.     "Final" or "Finally Approved" or "Final Approval" of this Agreement means that the time has run for any appeals from the Order of Final Approval of the Court and that no such appeals have been taken or sought, or any such appeals have been resolved in favor of approving this Agreement.

J.     "CPC Releasees" means CPC, each of its affiliates, parents, subsidiaries, predecessors, successors, and assigns, as well as each of those entities' past or present owners, investors, directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, consultants, vendors, contractors,

5

volunteers, performers, co-marketers, licensors, concessionaires, franchisors, and assigns.

K.     "Opt-Out Deadline" shall have the same meaning as set forth in the Preliminary Approval Order issued by the Court, in substantially the form set forth in Exhibit 1, the date of which shall be 60 days after mailing of the Summary Notice of Settlement and Release of Claims form to the Settlement Class Members.

L.     "Order of Final Approval" means an order to be entered and filed by the Court granting final approval to the settlement and this Agreement, and ruling on Class Counsel's application for reasonable attorneys' fees and expenses, and an incentive/service award for the Class Representative, substantially in the form attached hereto as Exhibit 4.

M.     "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

N.     "Preliminary Approval Order" means an order to be entered and filed by the Court certifying the Settlement Class for settlement purposes only and granting preliminary approval to the settlement substantially in the form attached hereto as Exhibit 1.

O.     "Released Claims" means any and all claims, demands, rights, liabilities and causes of action alleged or that could have been alleged in Named Plaintiff's Complaint or Amended Complaint in the Litigation, including, but not limited to, claims arising under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, and any analogous state law claims for failing to provide notice of adverse action that the Settlement Class Members have or may have against the CPC Releasees, or any of them for

statutory damages, punitive damages that were asserted or could have been asserted, based on the facts alleged in the Complaint or any Amended Complaints filed in this Litigation.

P.    "Settlement Amount" means the total sum of Three Hundred and Twenty-Five thousand Dollars ($325,000), which CPC will pay in settlement of all claims in the Litigation and exchange for the releases provided herein.  The Settlement Amount will constitute a common fund from which the Named Plaintiff and the Settlement Class Members will be paid, from which Class Counsel's fees, costs and expenses will be paid, from which the Named Plaintiff's incentive/service award will be paid, and from which all costs of settlement administration will be paid, including but not limited to all fees of the Settlement Administrator.

Q.     "Net Settlement Fund" means the fund used to pay the Named Plaintiff and Settlement Class Members for settlement of the Litigation and all Released Claims pursuant to this Agreement, reduced by the following amounts:    (1) the incentive/service award to the Named Plaintiff that the Court approves; (2) the reasonable attorneys' fees, costs and expenses to the Class Counsel that the Court approves; and (3) the fees and expenses of the Settlement Administrator that the Court approves.

## III.    SETTLEMENT TERMS

### A.    Certification of Settlement Class and Conditional Nature of Agreement

For settlement purposes only, CPC conditionally agrees and consents to certification of the Settlement Class. CPC's conditional agreement is contingent upon execution of this Agreement by the Parties, entry of the Order of Final Approval by the Court, and that Order of Final Approval

7

becoming Final. Except as provided below, if this Agreement, for any reason, is not Finally Approved or is otherwise terminated, it shall be null and void, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Agreement shall remain subject to the Local Rules of the United States District Court for the Western District of Missouri and the provisions of Federal Rule of Evidence 408 and any similar state law.

CPC denies all of the claims as to liability, damages, losses, penalties, interest, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation, and that class certification is otherwise appropriate. CPC has agreed to resolve this Litigation through this Agreement, but to the extent this Agreement is deemed void or Final Approval does not occur, CPC does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges. The Class Representative and Class Counsel agree that CPC retains and reserves all of these rights and agrees not to take a position to the contrary.

### B. Settlement Amount

In full and final settlement of the Settlement Class's claims, CPC shall pay the Settlement Amount of Three Hundred and Twenty-Five thousand Dollars ($325,000). The Settlement Amount shall include, but is not necessarily limited to, the full and complete cost of Settlement Class benefits and compensation, all settlement notices and claims administration and all related administrative costs, the Class Representative's incentive/service award (if any is authorized by the Court) and Class Counsel's attorneys' fees and expenses (as authorized by the Court). Payment

of the Settlement Amount will constitute the only payment obligation of CPC and it will be distributed as described in this Agreement.

### C. All Released Claims Satisfied by Settlement Fund

Each Settlement Class Member shall look solely to the Net Settlement Fund for settlement and satisfaction of all Released Claims as provided in this Agreement.

### D. Settlement Fund

CPC will pay the Settlement Amount to the Settlement Administrator by wire transfer within 10 days after the Effective Date. After entry of the Preliminary Approval Order, CPC will advance funds to the Settlement Administrator before Final Approval necessary to send notice and administer the settlement, not to exceed $5,000, which shall come from the Settlement Amount. Expenses associated with the administration of the settlement shall be eligible for reimbursement as approved by the Court from the Settlement Amount. CPC shall have no further payment obligations to the Named Plaintiff or Settlement Class Members, or to Class Counsel or the Settlement Administrator, upon payment of the total Settlement Amount to the Settlement Administrator.

The remainder of the Settlement Amount, net of the cost of notice and administration, the reasonable attorneys' fees and costs awarded by the Court, and any Class Representative incentive/service award, shall be distributed on a *pro rata* basis to the Settlement Class Members who did not opt out of the settlement in compliance with the procedures set forth in the Class Notice and Preliminary Approval Order. The distribution of the Net Settlement Fund shall be as follows:

1. Settlement Payments shall be paid by check. The Settlement Administrator shall mail, by first-class mail, a check to each Settlement Class Member

9

eligible to receive payment, postmarked within twenty (20) business days after the Effective Date. The Settlement Administrator will perform skip tracing and re-mailing, as reasonably necessary. Checks will be valid for 180 days from the date on the check. The amounts of any checks that are returned as undeliverable or that remain uncashed more than 180 days after the date on the check will be included as part of the *cy pres* distribution described below.  The Parties agree that all Settlement Class Members waive and abandon any ownership interest in any undeliverable, returned, uncashed, or non-negotiated checks and further agree that no obligation has been generated or proven with respect to such undeliverable, returned, uncashed, or non-negotiated checks.

2.  Taxes.  The Parties agree the payments to each Settlement Class Member and to the Named Plaintiff are not wages, and each Settlement Class Member and the Named Plaintiff will solely responsible for correctly characterizing his/her payment(s) for tax purposes and for paying any taxes owed on such payments.

3.  Remaining Funds. Any money remaining in the Net Settlement Fund after distribution of settlement proceeds and deduction of all amounts approved for settlement administration costs and attorneys' fees and expenses, and after the passage of the 180-day period within which the Settlement Class Members shall be able to negotiate their checks, shall be paid as *cy pres*  to the St. Christopher Truckers Development and Relief Fund, a a 501(c)(3) charitable organization that helps truck drivers whose medical problems

10

have led to financial hardship. Except as otherwise provided in this Agreement, no money remaining in the Net Settlement Fund shall revert to or otherwise be paid to CPC.

**E.    Reversion to CPC if Final Approval Does Not Occur or Voided**.

In the event the Agreement is not Finally Approved, or is cancelled or terminated or otherwise becomes null and void for any reason, the remainder of the Settlement Amount, net of actual costs incurred for distribution of the Class Notice, shall revert back to CPC.

**F.    Attorneys' Fees and Class Representative Incentive Awards**

To the extent that the Court orders an award of attorneys' fees and expenses to any Class Counsel, or an incentive/service award to the Class Representative, such awards will be paid from the Settlement Amount by the Settlement Administrator within twenty (20) business days after the Effective Date.

1.    <u>Attorneys' Fees and Expenses</u>

Class Counsel will petition the Court for an award of reasonable attorneys' fees and expenses, including any expenses associated with settlement administration (including all amounts paid to the Settlement Administrator), to be paid solely from the Settlement Amount. The application for attorneys' fees shall be in an aggregate sum not to exceed one-third of the Settlement Amount. Documented, out-of-pocket expenses shall be paid in addition to attorneys' fees in the amount in which they were or are incurred by Class Counsel and to the extent approved for reimbursement by the Court. This award shall be Class Counsel's total recovery for attorneys' fees, costs, and adequately supported expenses of any kind (including, but not limited to, mediation fees, travel, filing fees, court reporter, and videographer expenses, expert fees and costs, and document review and production costs). Class Counsel shall be responsible for allocating and shall

11

allocate all attorneys' fees and expenses that are awarded by the Court among Class Counsel, and CPC shall have no responsibility, role, or liability in connection with such allocation.

2.    Class Representative Incentive/Service Award

Class Counsel may petition the Court for an incentive/service payment for the service to the Class Representative for the time and effort that the Class Representative personally invested in this Litigation, not to exceed $10,000, and as consideration for the general release he is giving to CPC.

The Settlement Administrator shall be responsible for distributing to the Class Representative any incentive/service payment awarded by the Court, which shall come from the Settlement Amount.

### G. Motion for Preliminary Approval

As soon as practicable after the Parties execute this Agreement, and concurrent with submission of this Agreement for the Court's consideration, Class Counsel shall submit to the Court a motion for preliminary approval of this Agreement. The motion shall seek entry of a Preliminary Approval Order substantially in the form attached as Exhibit 1.

## IV. SETTLEMENT ADMINISTRATION

### A. Settlement Administrator

The Settlement Administrator may appoint as many settlement administration officers, experts, and/or advisors as are necessary to carry out the duties of the Settlement Administrator expeditiously. The Settlement Administrator procedures shall be subject to Court approval and under the continuing jurisdiction of the Court. The Settlement Administrator shall be responsible for disseminating information to Settlement Class Members concerning settlement procedures. In addition, the Settlement Administrator shall assist the Court in processing and tabulating opt-out

requests, shall receive all opt-out forms and documentation, shall process and pay Settlement Class Members as provided in this Agreement and any applicable orders of the Court, and shall operate under the continuing supervision of the Court.

### B.     Notice

#### 1.     Mailing

A copy of the Summary Notice of Settlement and Release of Claims substantially in the form attached hereto as Exhibit 2, shall be mailed by first class mail to every Settlement Class Member for which there is address information, by the deadline established by the Preliminary Approval Order. Such mailing shall be completed by the Settlement Administrator. If it has not already done so, within ten (10) business days after signing this Agreement, CPC shall provide the Settlement Administrator with all address information it has for Settlement Class Members in Excel format. For those Settlement Class Members for whom CPC does not have address information, CPC shall produce information, if any, it does have about them that reasonably may assist the Settlement Administrator in obtaining address information for any such Settlement Class Members. Addresses and any other contact information for the Settlement Class Members shall be kept confidential by the Settlement Administrator.

#### 2.     Notices Returned as Undeliverable.

For all Notices returned to the Settlement Administrator without forwarding addresses, the Settlement Administrator will use publicly available databases as practicable to update Settlement

Class Members' addresses and will cause the Notice to be re-mailed to such Settlement Class Members who can be located.

3. <u>Website</u>

Within five (5) business days after entry of the Preliminary Approval Order, the Class Counsel will cause a Settlement Website to become active at the following URL, or such other URL as agreed to by CPC: http://www.giveyourselfcredit.com/our-approach/notices-settlements/ The Settlement Website shall include hyperlinks which allow access to the Amended Complaint, this Agreement, the court-approved notice(s), the Motion for Preliminary Settlement Approval and all memoranda and exhibits filed with the Motion, and the Order preliminarily approving the settlement. The Settlement Website will also contain the "long form" settlement notice attached as Exhibit 3, which provides detailed information about the settlement terms in plain language and is accompanied by plain-language Frequently Asked Questions ("FAQs"). Within two (2) business days of any the following documents being filed, the Settlement Website will also be updated to include copies of the Named Plaintiff's Motion for Attorney Fees and Costs, Named Plaintiff's Service Payments, all notices and memoranda and exhibits submitted in support of the Joint Motion for Final Settlement Approval, and any further Orders issued by the Court, including any Final Approval Order and Judgment. This information shall remain on the Settlement Website until the date that is 30 days after the void date of the Settlement Class Members' checks. The Settlement Website shall not contain any direct hyperlinks to Class Counsel's websites. If Class Counsel is unable to host the Settlement Website as specified in this paragraph, the Settlement Administrator shall instead host the Settlement Website described above at a different URL, subject to CPC's approval.

14

4.      Opt-Out

The Class Notice shall provide a procedure whereby Settlement Class Members may exclude themselves, or "opt out," from the Settlement Class by mailing a request for exclusion. On or before the Opt-Out Deadline established by the Court, but no more than sixty (60) days after the mailing date of the initial Notice, each Settlement Class Member who elects to opt out of the settlement must send, by first-class U.S. mail, written notice addressed to the Settlement Administrator indicating his or her name and address and stating that he or she desires to opt-out of the settlement or otherwise does not want to participate in the settlement.  Any Settlement Class Member who does not validly and timely (as measured by the postmark date on that individual's written request) request exclusion shall be a Settlement Class Member and shall be bound by the terms of this Agreement and by any orders of the Court regarding the Settlement or the Settlement Class. In no event shall Settlement Class Members who purport to opt-out of the settlement as a group, aggregate, collective, or class involving more than one Settlement Class Member be considered a successful opt-out.

If more than five percent (5%) of the potential Settlement Class Members validly and timely opt out of the class, CPC may in its sole discretion exercise its right to void the Settlement, in which case this Agreement will be vacated, rescinded, cancelled and annulled, and the parties will return to the status quo ante as if they had not entered into this Agreement. In that event, the remainder of the Settlement Amount, net of actual costs incurred for distribution of the Class Notice, shall revert back to CPC, and evidence of the settlement, negotiations, and related proceedings will be inadmissible and will not be discoverable.

15

5.      Objections

The Class Notice shall also provide a procedure for Settlement Class Members to object to the settlement set forth herein and any of its terms. Any Settlement Class Member who wishes to object to the settlement must file a timely written statement of objection with the Clerk of Court, and mail a copy of that objection with the requisite postmark to Class Counsel and Counsel for CPC no later than the Objections Deadline set by the Court.  The Notice of Objection must state the case name and number; the basis for and an explanation of the objection; the name, address, telephone number, and email address of the Settlement Class Member making the objection; and a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing, either with or without counsel.  In addition, any objection must be personally signed by the Settlement Class Member and, if represented by counsel, then by counsel.  Any Settlement Class Member who fails to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections, whether by appeal or otherwise, to the settlement.  No Settlement Class Member shall be entitled to contest in any way the approval of the terms and conditions of this Agreement or the Court's Order of Final Approval except by filing and serving written objections in accordance with the provisions of this Settlement Agreement.  Any Settlement Class Member who fails to object in the manner prescribed shall be deemed to have waived and shall be foreclosed forever from raising any objections to the settlement.

6.      CAFA Notice

Within ten (10) days of the Named Plaintiff's filing the Motion for Preliminary Settlement Approval, CPC shall serve upon the appropriate State officials of each State in which the Named Plaintiff or a Settlement Class Member resides and upon the pertinent U.S. Attorney General for

16

each such state, a notice of this proposed settlement in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. CPC will provide a copy of this notice to the Settlement Administrator and Class Counsel and will file with the Court a notice of compliance with CAFA's requirements.

7.    Fairness Hearing

The Parties will petition the Court to hold a final fairness hearing and to enter an order finally approving the settlement and entering final judgment in substantially the same form attached as Exhibit 4. The Parties agree to cooperate to work to schedule a fairness hearing so it shall be held as soon as practicable, but in no event before 90 days after the Settlement Administrator has issued the required CAFA notices.

V.    **EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION**

A.    **Exclusive Remedy**

This Agreement shall be the exclusive remedy for any and all Released Claims, any claim arising out of the subject matter of this Agreement, and any complaint by the Settlement Class or any Settlement Class Member against the CPC Releasees related to the Released Claims. No CPC Releasee shall be subject to liability or expense of any kind to the Settlement Class or any Settlement Class Member related to the Released Claims except as provided in this Agreement. This Agreement shall be binding upon, and inure to the benefit of the Parties' successors and assigns.

B.    **Dismissal of Claims**

The Parties agree that upon the Effective Date of this Agreement, the Litigation shall be dismissed with prejudice in accordance with the Order of Final Approval, substantially in the form attached as Exhibit 4.

### C.  Jurisdiction

The Court shall retain exclusive and continuing jurisdiction over this Litigation, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## VI.  RELEASES

### A.  Class Release.

Upon the Effective Date of this Agreement, the CPC Releasees shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member from all Released Claims. The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability against any CPC Releasee based, in whole or in part, on any of the Released Claims. The Class Representatives, the Settlement Class, and each Settlement Class Member further expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code or any similar statute of the United States. Section 1542 reads as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representative, the Settlement Class, and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative, the Settlement Class, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval shall have, nevertheless, fully, finally, and

forever waived, settled and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

### B. Release.

Upon the effective date of this Agreement, Named Plaintiff irrevocably and unconditionally releases, acquits, and forever discharges CPC, and each of its affiliated companies, parent companies, subsidiaries, administrators, predecessors, successors and/or assigns, including all of their present or former directors, officers, owners, shareholders, employees, attorneys and agents and all persons acting by, through, under or in concert with any of the foregoing ("Related Parties"), from any and all claims, charges, demands, causes of action, liabilities, and legal obligations of any nature ("claims, etc."), known or unknown, which Named Plaintiff now has or claims to have, including, but not limited to, any claims, etc., for back pay, front pay, compensatory damages, punitive damages, or under the laws of torts, contracts, or under any state or federal equal employment opportunity laws, including but not limited to the National Labor Relations Act, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. Named Plaintiff understands and agrees that any and all claims, etc. he may now have against CPC or any Related Parties are dropped for all purposes and all times and that such claims, etc. will not ever be brought by him in court or before a governmental agency or any other tribunal. Named Plaintiff further agrees never to apply for employment or otherwise seek to be hired, rehired, employed, reemployed, or reinstated by CPC or any Related Parties.

19

# VII. MISCELLANEOUS PROVISIONS

## A. Cooperation to Facilitate this Settlement.

The Parties agree that they shall work together in good faith to facilitate this settlement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

## B. Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

## C. No Admission of Liability

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of himself or the Settlement Class, against CPC. CPC expressly denies and disclaims any liability or wrongdoing. The existence, contents and terms of Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible in evidence for any such purpose in any proceeding, except solely for purposes of enforcement of its terms; however, this Agreement may be used by either Party and pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

### D. Contractual Agreement

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

### E. Change of Time Periods

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Counsel for CPC, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

### F. Integration

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

### G. Drafting

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their respective attorneys.

21

**H.     Costs**

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

**I.     Modification or Amendment**

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

**J.     No Waiver**

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

**K.     Severability**

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Paragraph shall not apply should any court or tribunal find any part, term, or provision of the release, as set forth in Section VI, to be illegal or invalid in any manner.

### L.     No Consent

To the Parties' knowledge and belief, except as expressly provided herein, no consent, authorization, action, or approval of, notice to or filing with, waiver or exemption by, any person or entity which has not been obtained, including, without limitation, any governmental, public or self-regulatory body or authority, is required in connection with the execution, delivery and performance of this Agreement or consummation of the transactions contemplated hereby by the Parties hereto.

### M.     No Violation of Law or Agreement

The execution, delivery and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state or local law or regulation, (b) any provision of any order, arbitration award, judgment or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

### N.     Successors

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties thereto.

### O.     Choice of Law

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the state in which the Settlement is granted final approval, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs. The adequacy of the settlement, and any determination regarding class counsel's fees and expenses, and any incentive payment, shall be governed by federal law.

**P. Fair and Reasonable**

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

**Q. Headings**

Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

**R. Exhibits**

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

**S. Counterparts**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**T. Facsimile and Electronic Mail**

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

**U. Warranty of Signature**

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

24

### V.    No Assignment

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party. Any Party that breaches the representations and warranties set forth in this Paragraph shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Paragraph.

### W. Confidentiality

The parties agree that neither party will issue or cause to be issued any press releases orequivalent about the settlement, but that, after the settlement is preliminarily approved, Class Counsel may post on their website a mutually agreeable description of the settlement and resolution of the case as well as post any publically available documents.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: 7/11/16          By: _____

                        Jeffery Hoeflicker
                        *Plaintiff and Class Representative*

25

Dated: _____    By: _____
                                Keith J. Keogh
                                A.J. Stecklein #46663
                                Michael H. Rapp #66688
                                Keith J. Keogh-pro hac vice
                                Amy L. Wells-pro hac vice
                                Keogh Law, Ltd.
                                55 W. Monroe Street, Suite 3390
                                Chicago, IL 60603
                                *Counsel for Plaintiff Hoeflicker and the Class*


Dated: _____    By: CPC LOGISTICS, INC.

                                Name: Douglas J. Crowell
                                Title: President & CEO

Dated: 7/6/2015           By: _____
                                Michael Harris
                                Harris Dowell Fisher & Harris, L.C.
                                15400 S. Outer Forty, Suite 202
                                Chesterfield, MO 63017
                                mfh@hdfh.com

                                Justin M. Dean
                                Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                                4520 Main Street, Suite 400
                                Kansas City, MO 64111
                                *Counsel for Defendant CPC Logistics.*

25281813.1

26

# EXHIBIT 1

JEFFREY HOEFLICKER, on behalf of himself
and those similarly situated,

                               Plaintiff,     Case Number: 15-CV-00679-BP

vs.

CPC LOGISTICS, INC.

                             Defendant.

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS,
GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,
<u>AND DIRECTING NOTICE TO THE CLASS</u>**

WHEREAS, this matter has come before the Court pursuant to a Motion for Entry of an Order Certifying the Settlement Class, Granting Preliminary Approval of Settlement and Approving the Form and Method of Notice to the Settlement Class (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties for purposes of settlement; and

WHEREAS, this Court has considered all of the submissions related to the Motion, and is otherwise fully familiar with the papers filed and the proceedings in this matter;

IT IS HEREBY ORDERED:

**I.     PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1.     The terms of the Settlement Agreement and Release, dated _____, including all Exhibits thereto (the "Agreement"), attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. This Order incorporates herein, and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings

herein. The Agreement was entered into only after extensive arm's-length negotiations by experienced counsel. The Court finds that the settlement embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## II.   THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL.

2.   The Settlement Class is defined as follows:

> All persons in the United States on whom CPC procured a consumer report for an employment purpose between September 4, 2013 and May 1, 2016 but who were not hired by CPC, but excluding any individual who timely files a valid written notice of intent to opt-out of the Settlement.

> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eighth Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Excluded from the Settlement Class is any individual who properly opts out of the Settlement Class pursuant to the procedure described herein.

3.   The Court preliminarily finds that the Settlement Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3), and hereby certifies the Settlement Class for settlement purposes only. The Court hereby finds, in the specific context of this Class Settlement, that:

a. Numerosity.

The parties estimate that the Settlement Class may include between 3,800 and 4,000 persons who meet this class definition. The numerosity requirement of FED. R. CIV. P. 23(a) is satisfied. Joinder of these widely-dispersed, numerous Settlement Class Members into one suit would be impracticable.

b. Commonality.

Common questions of law and fact with regard to the alleged conduct of CPC exist for each of the members of the Settlement Class. Plaintiff claims that CPC violated the Fair Credit Reporting Act, § 1681b(b)(3)(B) by taking adverse action against applicants for employment, and after doing so, failing to notify said applicants or employees within three business days. These allegations present the common questions of whether CPC's purported actions violated the FCRA as alleged. These issues are central to this case and are sufficient to establish commonality.

c. Typicality.

Plaintiff alleged that CPC took adverse action against Plaintiff as a result of a pre-employment background report and that CPC failed to provide him with the required notice within three business days. As a result, Plaintiff alleges he is entitled to statutory and punitive damages, attorneys' fees and costs. These claims are typical of the members of the Settlement Class and, therefore, the element of typicality is satisfied.

d. Adequate Representation.

Plaintiff's interests do not conflict with those of absent Class Members. Additionally, this Court recognizes the experience of Class Counsel A.J. Stecklein, Michael H. Rapp, Keith J. Keogh, and Amy L. Wells, and finds under FED. R. CIV. P. 23(g) that the requirement for adequate representation of the Settlement Class has been fully met.

e.  Predominance of Common Issues.

Plaintiff has raised common issues of whether CPC took adverse action against applicants relating to information in a consumer report or background check, and after doing so, failing to notify said applicants or employees within three business days. In the context of this Class Settlement, these issues predominate over any individual questions, favoring class treatment.

f.  Superiority of the Class Action Mechanism.

The class action mechanism is ideally suited for treatment of the settlement of this matter. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

4.     The Court determines that Jeffrey Hoeflicker is adequate to represent the Settlement Class.

5.     Pursuant to Fed. R. Civ. P. 23(g), the Court determines that Mr. Hoeflicker's counsel, A.J. Stecklein, Michael H. Rapp, Keith J. Keogh, and Amy L. Wells, are adequate to represent the Class and appoints them Class Counsel.

III.     NOTICE TO CLASS MEMBERS

6.     The Court has considered the Class Notice, attached as Exhibits 2 and 3 to the Agreement, including the proposed forms of notice, Summary Notice and Full Notice, and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice and Full Notice) and orders that notice

be given in substantial conformity therewith. The notice program shall commence no later than 30 days after entry of this Order, on or about _____, 2016 (the "Notice Deadline"). The costs of preparing, printing, publishing, mailing, and otherwise disseminating the notice shall be paid solely from the Settlement Fund in accordance with the Agreement.

7. The Court appoints First Class, Inc. as Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a) arranging for distribution of the Class Notice to Settlement Class Members; (b) making any other mailings to Settlement Class Members required under the terms of this Agreement; (c) answering any inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee as appropriate; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement; (e) receiving and processing exclusions and distributing payments to Settlement Class Members; and (f) otherwise assisting with implementation and administration of the terms of this Agreement.

## IV. REQUEST FOR EXCLUSION FROM THE CLASS

8. A member of the Settlement Class who wishes to be excluded from the Settlement Class must mail a written notice of exclusion to the Claims Administrator, so that it is postmarked no later than 60 days after the Notice Deadline, or _____, 2016 (the "Opt-Out Deadline"), and shall clearly state his or her name and physical address and that he or she desires to opt-out of the settlement or otherwise do not wish to participate in the settlement.

9. Any Settlement Class Member who submits a valid request for exclusion as set forth above shall not be bound by the Agreement, or the Order of Final Approval. Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Class Counsel and Counsel for CPC.

10.    Any Settlement Class Member who does not properly and timely mail a notice of exclusion as set forth above shall be automatically included in the Settlement Class, and shall be bound by all of the terms and provisions of the Agreement, and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement. In no event shall Settlement Class Members who purport to opt-out of the settlement as a group, aggregate, collective, or class involving more than one Settlement Class Member be considered a successful opt-out.

11.    If more than five percent (5%) of the potential Settlement Class Members validly and timely opt out of the class, CPC may in its sole discretion exercise its right to void the Settlement, in which case this Order and the Agreement will be vacated, rescinded, cancelled and annulled, and the parties will return to the status quo ante as if they had not entered into the Agreement. In that event, the remainder of the Settlement Amount, net of actual costs incurred for distribution of the Class Notice, shall revert back to CPC, and evidence of the settlement, negotiations, and related proceedings will be inadmissible and will not be discoverable.

## V.    FAIRNESS HEARING

12.    A hearing on final settlement approval (the "Fairness Hearing") will be held on _____, 2017, at _____    [240 days from the date of this Order] before this Court, at the United States District Court for the Western District of Missouri, U.S. Federal Building and Courthouse, 400 East 9th Street, Courtroom 7A, Kansas City, MO 64106, to consider, inter alia, the following: (a) the fairness, reasonableness and adequacy of the Class Settlement; (b) the dismissal with prejudice of the Litigation; (c) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives (the "Fee Petition") should be granted; (d) whether to approve the proposed plan of allocation and distribution; and (e)

whether to finally approve the Agreement, including the terms therein concerning release of claims by the Settlement Class and each of the Settlement Class Members.

13.     At least two weeks before the Fairness Hearing, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; and (ii) any Fee Petition.

14.     Any Settlement Class Member who has not filed a notice of exclusion in the manner set forth above and who has timely filed their objection may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court. However, no person shall be heard in opposition to the Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon Class Counsel and Counsel for CPC listed below within 60 days after Notice Deadline. Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition within 60 days after Notice Deadline, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below within 60 days after Notice Deadline. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

15.     Counsel for the Parties who must be served with all documentation described above are as follows:

Counsel for the Settlement Class
A.J. Stecklein

Michael H. Rapp
Stecklein & Rapp Chartered
748 Ann Avenue
Kansas City, Kansas 66101

Keith J. Keogh
Amy L. Wells
Keogh Law, Ltd.
55 W. Monroe Street, Suite 3390
Chicago, IL 60603


Counsel for CPC Logistics, Inc.
Michael Harris
Harris Dowell Fisher & Harris, L.C.
15400 S. Outer Forty, Suite 202
Chesterfield, MO 63017

Justin M. Dean
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111


16.     Any Settlement Class Member may hire an attorney at his or her or its own expense

to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed

above, and file it with the Court, within 60 days after the Notice Deadline.

17.     The date and time of the Fairness Hearing shall be set forth in the Notice and

Summary Notice, but shall be subject to adjournment by the Court without further notice to the

Settlement Class Members other than that which may be posted at the Court, on the Court's

website, and/or the website to be established pursuant to the notice program.

## VI.     OTHER PROVISIONS

18.     Upon Final Approval, each and every term and provision of the Agreement (except

as may be modified by the Final Approval Order) shall be deemed incorporated into the Final

Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

19.     In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the rights of Plaintiff and CPC before they entered into the Agreement. Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability or wrongdoing by any Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order, or by any Party in connection with any action asserting Released Claims.

20.     The following summarize the deadlines stated above for issuing notice and submitting claims and objections:

| _____, 2016 [30 days after the date of the Preliminary Approval Order] | Deadline for notice of the Settlement to be sent to the Settlement Class Members |
|---|---|
| _____, 2017 [60 days after the Notice Deadline] | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) and file any statement of intention to appear at the fairness hearing. |
| _____, 2017 [30 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following: (1) List of persons who made timely and proper requests for exclusion (under seal); and (2) Proof of Class Notice. |
| _____, 2017 [14 days before the Final Approval Hearing] | Motion and memorandum in support of final approval, including responses to any objections. |

| _____, 2017 at ____ _.m. [240 days after the Preliminary Approval Order] | Final Approval Hearing |
|---|---|

Date: _____

_____
Honorable Beth Phillips
United States District Judge

25320334.1

# EXHIBIT 2

# NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT
## THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

### YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a proposed settlement in a class action lawsuit. |
| **What is this lawsuit about?** | The settlement would resolve a lawsuit brought on behalf of a class of individuals for whom CPC Logistics, Inc. (CPC) procured a consumer report for an employment purpose, between September 4, 2013, and May 1, 2016, but who were not hired by CPC, alleging that CPC violated the Fair Credit Reporting Act (FCRA) by taking adverse action against applicants for employment, and after doing so, failing to notify said applicants within three business days. CPC denies any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Defendant's defenses. |
| **Why am I getting this notice?** | You were identified as an applicant for employment who CPC did not hire potentially based on information obtained from a consumer report, and after doing so CPC failed to notify you as required by the FCRA. |

| | |
|---|---|
| **What does the Settlement provide?** | CPC has agreed to pay $325,000 into a Settlement Fund, which will pay for: (1) cash payments to Settlement Class Members; (2) attorneys' fees to Class Counsel, not to exceed $108,334, (3) plus reasonable expenses, totaling approximately $4,304, as approved by the Court; (4) a service award to Plaintiff, not to exceed $10,000, as approved by the Court; and (5) costs of notice and administration of the Settlement, totaling approximately $14,553.17, as approved by the Court. Class Counsel estimate that the amount of the cash award for each  Settlement Class Member who submits a valid claim form ("Claim Form") may be around $50. This is an estimate only. The final cash payment amount may be higher or lower than $50 and will depend on the total number of exclusions submitted by Settlement Class Members and the amount of fees and expenses approved by the Court. No portion of the Settlement Fund with return to CPC Logistics. Subject to the Court's approval, all unclaimed funds may be paid to the following charity as a cy pres award agreed to by the parties and approved by the Court: the St. Christopher Truckers Development and Relief Fund, a 501(c)(3) charitable organization that helps truck drivers whose medical problems have led to financial hardship. |
| **How can I receive a payment from the Settlement?** | You do not need to take any action to receive payment. All class members who do not file a timely request for exclusion will be paid a pro rata portion of the settlement funds. |

| | |
|---|---|
| **Do I have to be included in the Settlement?** | If you don't want monetary compensation from this settlement and you want to keep the right to sue or continue to sue CPC on your own, then you must exclude yourself from the settlement by sending a letter requesting exclusion to the Settlement Administrator postmarked or received no later than [60 days after Notice Mailing Deadline] at the address below and that contains the specific information set forth in the Settlement Website. |
| **If I don't like something about the Settlement, how do I tell the Court?** | If you don't exclude yourself from the settlement, you can object to any part of the settlement. You must file your written objection with the Court by [60 days after Notice Mailing Deadline], and mailed and postmarked or received no later than [60 days after Notice Mailing Deadline] to both Class Counsel and CPC's Counsel and containing the specific information set forth in the Settlement Website. |
| **How do I get more information about the Settlement?** | This notice contains limited information about the settlement. For more information, to view additional settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit http://www.giveyourselfcredit.com/our-approach/notices-settlements. You can also obtain additional information and a more detailed notice describing the settlement, by calling Class Counsel at 866.726.1092. |

CPC LOGISTICS FCRA SETTLEMENT
SETTLEMENT ADMINISTRATOR
[INSERT CLAIMS ADMIN ADDRESS]

[CLAIM ID IN DIGITS]
[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[NAME][ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

25282545.1

# EXHIBIT 3

*Hoeflicker v. CPC Logistics, Inc..*
**United States District Court for the Western District of Missouri,**
**Case No. 15-cv-00679-BP**
**If CPC took adverse employment action against you as a result of information contained in a consumer report or background check between September 4, 2013, and May 1, 2016, you may be entitled to benefits under a class action settlement.**

*A federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- Plaintiff alleges that CPC procured a consumer report, regarding Plaintiff, for an employment purpose and subsequently took adverse action against Plaintiff without providing Plaintiff with notice as required by the Fair Credit Reporting Act (FCRA), § 1681b(b)(3)(B). Plaintiff sued CPC for allegedly willfully violating FCRA in the lawsuit identified above. CPC denies Plaintiff's allegations and denies any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiff's claims or CPC's defenses. By entering into the settlement, CPC has not conceded the truth or validity of any of the claims against it.

- A proposed settlement will provide a total of $325,000 (the "Settlement Fund") to fully settle and release claims of persons against whom CPC potentially took adverse employment action as a result of information obtained from a consumer report or background check during the time period set forth above (the "Settlement Class").

- The Settlement Fund shall be used to pay all amounts related to the settlement, including awards to Settlement Class members who do not request exclusion from the settlement, attorneys' fees and expenses to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service award for Plaintiff and the costs of notice and administering the settlement. Class Counsel estimate that Settlement Class members who do not exclude themselves will receive around $50.

- Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or don't act. Read this Notice carefully.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| REMAIN IN THE CLASS - DO NOTHING | To remain in the class and receive a pro rata share of the settlement funds you are not required to take any further action. Settlement funds will be disbursed to all class members who do not request timely exclusion from the settlement. |

| | |
|---|---|
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against CPC and/or other released parties in the future. The deadline for excluding yourself is [60 days after Notice Deadline]. |
| OBJECT TO THE SETTLEMENT | Write to the Court about why you believe the settlement is unfair in any respect. The deadline for this is [60 days after Notice Deadline]. To obtain a benefit from this settlement, you must still submit a Claim Form. If you only submit an objection and the settlement is approved you will give up your right to sue CPC and/or any other released parties on a released claim. If you request exclusion from the settlement you cannot file an objection. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the settlement if you object to the settlement. To speak at the Final Approval Hearing, you must file a document including your name, address, telephone number and your signature with the Court stating your intention to appear, by no later than [60 days after Notice Deadline]. |

## BASIC INFORMATION

### 1.  What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the class action lawsuit entitled *Hoeflicker v. CPC Logistics, Inc.*, Case No. 15-cv-00679-BP (W.D. MO).  Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

### 2.  What does it mean if I received a postcard about this settlement?

If you received a postcard describing this settlement, it is because CPC's records indicate that you may be a member of the Settlement Class in this action. You are a member of the Settlement Class if you applied for employment with CPC but were not hired, CPC procured a consumer report about you related to employment, and subsequently failed to provide you with notice within three days, at any time between September 4, 2013, and May 1, 2016.

### 3.  What is this class action lawsuit about?

In a class action, one or more people called a Class Representatives (here, Plaintiff Jeffrey Hoeflicker) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims that CPC took adverse employment action against himself and other job-applicants based in part on information obtained through a consumer report, and after doing so,

failed to notify said persons within three business days. CPC denies these allegations and denies any wrongdoing. The Court has conditionally certified a class action for settlement purposes only. The Honorable Beth Phillips is the judge in charge of the lawsuit.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff or CPC. Instead, both sides agreed to this settlement. That way, they avoid the risk and cost of a trial, and the Settlement Class members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class. CPC has agreed to the settlement to avoid the risks and costs of protracted litigation.

## WHO IS IN THE SETTLEMENT CLASS?

### 5. How do I know if I am a part of the settlement class?

The Court has certified this case as a class action for settlement purposes. The Settlement Class is defined as:

> All persons in the United States on whom CPC procured a consumer report for an employment purpose between September 4, 2013 and May 1, 2016 but who were not hired by CPC, but excluding any individual who timely files a valid written notice of intent to opt-out of the Settlement.

> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eighth Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

If you are still not sure whether you are included, you can visit other sections of the Settlement Website, http://www.giveyourselfcredit.com/our-approach/notices-settlements, you may write to the claims administrator at *Hoeflicker v. CPC Logistics, Inc.*, c/o [ADMINISTRATOR AT PO BOX], or you may call class counsel at 866.726.1092, for more information.

## THE LAWYERS REPRESENTING YOU

### 6. Do I have lawyers in this case?

The Court has appointed lawyers from the law firms of Stecklein & Rapp Chartered, and Keogh Law, LTD as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

### 7. How will Class Counsel be paid?

Class Counsel will ask the Court to approve payment of up to one third of the $325,000 Settlement Fund, which is $108,334, to them for attorneys' fees, plus reasonable expenses. Class Counsel

also will ask the Court to approve payment of up to $10,000 to Plaintiff for his service as Class Representative. The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8. What does the settlement provide?

**Settlement Fund**. CPC will pay the total amount of $325,000 into a fund (the "Settlement Fund"), which will cover: (1) cash payments to Settlement Class Members who do not timely opt out of the settlement; (2) an award of attorneys' fees to Class Counsel, in an amount not to exceed one-third, which is $108,334, plus reasonable expenses, totaling approximately $4,304, as approved by the Court; (3) a service award to Plaintiff, in an amount not to exceed $10,000, as approved by the Court; and (4) the costs of notice and administration of the Settlement, totaling approximately $14,553, as approved by the Court.

**No Portion of the Settlement Fund Will Return to CPC Logistics.** All money in the Settlement Fund beyond the funds the Court authorizes to be paid for the costs of notice and administration of the settlement, attorneys' fees and costs to Class Counsel and any service awards to Plaintiffs, will be divided and paid pro rata to the Settlement Class Members who do not submit valid and timely requests for exclusion. All unclaimed funds may be paid to the  following charity as a *cy pres* award agreed to by the parties and approved by the Court:  the St. Christopher Truckers Development and Relief Fund, a 501(c)(3) charitable organization that helps truck drivers whose medical problems have led to financial hardship. No portion of the Settlement Fund will return to CPC.

### 9. How much will my payment be?

Your share of the Settlement Fund will depend on the number of valid requests for exclusion that Settlement Class Members submit and the exact amounts approved by the Court for Class Counsels' fees, Plaintiff's service award, and administrative costs.  Class Counsel estimate that the amount of the cash award (while dependent upon the number of exclusions) may be around $50. **This is an estimate only.  The final cash payment amount may be higher or lower than $50  and will depend on the total number of valid and timely exclusions submitted by Settlement Class Members.**

### 10. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any released claim to sue or continue to sue CPC or any other released parties, whether on your own or as part of any other lawsuit, as explained in the settlement agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the settlement, you will agree to release CPC and any other released parties, as defined in the settlement agreement, from any and all claims arising under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, and any analogous state law claims for failing to provide notice of adverse action.

In summary, the Release includes any and all claims, demands, rights, liabilities and causes of action alleged or that could have been alleged in Named Plaintiff's Complaint or Amended Complaint in the Litigation, including, but not limited to, claims arising under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, and any analogous state law claims for failing to provide notice of adverse action that the Settlement Class Members have or may have against the CPC Releasees, or any of them for statutory damages, punitive damages that were asserted or could have been asserted, based on the facts alleged in the Complaint or any Amended Complaints filed in this Litigation..

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

**11. How can I get a payment?**

You do not need to take any action to receive payment. All class members who do not file a timely request for exclusion will be paid a pro rata portion of the settlement funds.

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

**12. When would I receive a settlement payment?**

The Court will hold a hearing [240 days] after preliminary approval to decide whether to approve the settlement. If the Court approves the settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. All Class Members will be informed of the progress of the settlement through information posted on the Settlement Website at http://www.giveyourselfcredit.com/our-approach/notices-settlements. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the settlement?**

If you want to keep the right to sue or continue to sue CPC or a released party, as defined in the settlement agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement you must send, by first-class U.S. mail, written notice addressed to the Settlement Administrator indicating your name and address and stating that you desire to opt-out of the settlement or otherwise do not want to participate in the settlement. No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

To be valid, you must mail your exclusion request postmarked no later than [60 days after Notice Deadline] to the claims administrator at *Hoeflicker v. CPC Logistics, Inc.*, c/o [INSERT ADMIN PO BOX].

**14. If I do not exclude myself, can I sue CPC for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) CPC or any released parties for the claims that this settlement resolves.

**15. If I exclude myself, can I get a benefit from this settlement?**

No. If you ask to be excluded, you will not be able to submit a Claim Form for a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court that I do not think the settlement is fair?**

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and expenses and/or service award.

To object, you must make your objection in writing, stating that you object to the settlement in *Hoeflicker v. CPC Logistics, Inc.* Case No. 15-cv-00679-BP (W.D. MO). To be considered by the Court, the written objection must: (i) attach documents establishing, or provide information sufficient to allow the parties to confirm that the objector is a Settlement Class Member; (ii) include a statement of the specific objections; and (iii) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than [60 days after Notice Deadline].**

For Plaintiff:

A.J. Stecklein
Michael H. Rapp
Stecklein & Rapp Chartered
748 Ann Avenue
Kansas City, Kansas 66101

For CPC:

Justin M. Dean
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111

**If you file a request for exclusion from the settlement you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and expenses and/or service award.**

## 17.  What is the difference between objecting and excluding yourself?

Objecting is telling the Court that you oppose something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE FINAL APPROVAL HEARING

## 18.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing at [TIME] on [240 days after preliminary approval] at the United States District Court for the Western District of Missouri, U.S. Federal Building and Courthouse, 400 E. 9th St., Court Room 7A, Kansas City, MO 64106. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 16 above, the Court will also consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiffs.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

## 19.  Do I have to come to the hearing?

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

## 20.  May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than **[60 days after Notice Deadline]**. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

## 21.  How do I get more information?

This notice is only a summary of the proposed settlement. You can get a complete copy of the settlement agreement by visiting the Settlement Website, http://www.giveyourselfcredit.com/our-approach/notices-settlements, or you can write to the address below or call class counsel with any questions at 866.726.1092.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, CPC OR CPC'S COUNSEL ABOUT THE SETTLEMENT. ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

25320361.1

# EXHIBIT 4

JEFFREY HOEFLICKER,On behalf of himself
and those similarly situated,

                                   Plaintiff, | Case Number: 15-CV-00679-BP

vs.

CPC LOGISTICS, INC.

                                   Defendant.

## [PROPOSED] FINAL ORDER APPROVING SETTLEMENT, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS, APPROVING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD FOR CLASS REPRESENTATIVE AND FINAL JUDGMENT

This Court having considered: (a) the Settlement Agreement and Release, dated

_____, including all Exhibits thereto (the "Agreement"), between Plaintiff, Jeffrey

Hoeflicker ("Class Representative"), on behalf of himself and the Settlement Class (as defined

therein) and CPC Logistics, Inc. ("CPC"); (b) the proposed allocation and distribution of funds

among the Settlement Class; and (c) Class Counsel's application for attorneys' fees, expenses, and

an incentive award for the Class Representatives; and having held a hearing on

_____, 2017, and having considered all of the submissions and arguments with

respect thereto, and otherwise being fully informed in the premises, and good cause appearing

therefor;

       IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

       1.      This Order of Final Approval and Judgment incorporates herein and makes a part

hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms

as defined in the Agreement shall have the same meanings for purposes of this Final Order and

Judgment.

2.     The Court has personal jurisdiction over the Class Representatives, Settlement Class Members, and CPC for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3.     The Settlement Class previously certified by the Court includes:

All persons in the United States on whom CPC procured a consumer report for an employment purpose between September 4, 2013 and May 1, 2016 but who were not hired by CPC, but excluding any individual who timely files a valid written notice of intent to opt-out of the Settlement.

Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eighth Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Excluded from the Settlement Class is any individual who properly opted out of the Settlement Class pursuant to the procedure described in the Agreement and this Court's Order certifying the settlement class and granting preliminary approval of the settlement (ECF. ___, "Preliminary Approval Order").

4.     The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement and Class Settlement, and Settlement Class Members' right to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on _____; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and FED. R. CIV. P. 23.

5.     This Order shall have no force or effect on those persons who properly and timely excluded themselves from the Settlement Class.

6.     The Court finds that extensive arm's-length negotiations with a well-respected mediator have taken place in good faith between Class Counsel and Counsel for CPC resulting in the Agreement.

7.     The Court finds that the designated Class Representative is an appropriate representative.

8.     The Court has considered all of the factors enumerated in FED. R. CIV. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

9.     Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Class Settlement set forth in the Agreement (the "Class Settlement") and finds that the Class Settlement, the Agreement, and the plan of distribution as set forth in the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

10.     The Parties are hereby directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement. The claims against Defendant on behalf of the Settlement Class in *Hoeflicker v. CPC Logistics, Inc.*, Case No. 15-cv-00679-BP (W.D. MO), are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

11.     Upon the Effective Date of the Agreement, the Settlement Class, and each Settlement Class Member, shall release and forever discharge the CPC Releasees (as defined in the Agreement) from their respective Released Claims (as defined in the Agreement).

12. Nothing in this Order, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by CPC or any CPC Releasee.

13. Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(d)(2) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     this Settlement confers substantial benefits on the Settlement Class Members;

(b)     the value conferred on the Settlement Class is immediate and readily quantifiable upon this judgment becoming Final (as defined in the Agreement), and Settlement Class Members who did not submit valid requests for exclusion will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Fair Credit Reporting Act ("FCRA");

(c)     Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)     this Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)     this Settlement was reached following extensive negotiations between Class Counsel and Counsel for CPC and was negotiated in good-faith and in the absence of collusion;

(f)     during the prosecution of the claims in the Litigation, Class Counsel incurred expenses in the aggregate amount of $_____, which included mediation and

other expenses which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

(g)  Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount up to one-third of the Settlement Fund ($_____), plus reimbursement of reasonable expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(h)  ___ member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

(i)  attorneys who recover a common benefit for persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984); and

(j)  the requested fee award is consistent with other fee awards in this Circuit; *See Koenig v. United States Bank N.A.* (in Re United States Bancorp Litig.), 291 F.3d 1035, 1038 (8th Cir. 2002) (affirming class attorneys' award of 36%).

14.  Accordingly, Class Counsel are hereby awarded $_____ from the balance of the Settlement Fund as their fee award, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Further, Class Counsel are hereby awarded $_____ for their reasonable expenses which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded among Class Counsel.

15.     The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $_____ for his efforts in this case.

16.     Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement and of this Order, to protect and effectuate this Order, and for any other necessary purpose. The Class Representative, Settlement Class Members, and CPC are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Order, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17.     No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue, or prosecute any action or proceeding against any or all of the CPC Releasees in any court or tribunal asserting any of the Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

Date: _____

_____
Honorable Beth Phillips
United States District Judge