IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY HOEFLICKER, *on behalf of himself and those similarly situated,* | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-00679-CV-W-BP |
| CPC LOGISTICS, INC. | ) ) ) | |
| Defendant. | ) | |

### ORDER CERTIFYING SETTLEMENT CLASS,
### GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,
### AND DIRECTING NOTICE TO THE CLASS

WHEREAS, this matter has come before the Court pursuant to an Amended Motion for Entry of an Order Certifying the Settlement Class, Granting Preliminary Approval of Settlement and Approving the Form and Method of Notice to the Settlement Class (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties for purposes of settlement; and

WHEREAS, this Court has considered all of the submissions related to the Motion, and is otherwise fully familiar with the papers filed and the proceedings in this matter;

IT IS HEREBY ORDERED:

**I.  PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1. The terms of the Settlement Agreement and Release, including all Exhibits thereto (the "Agreement"), attached to the Amended Motion as Appendix 1, (Doc. 38-1), are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided

for below. This Order incorporates herein, and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein. The Agreement was entered into only after extensive arm's-length negotiations by experienced counsel. The Court finds that the settlement embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## II. THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL.

2. The Settlement Class is defined as follows:

> All persons in the United States on whom CPC procured a consumer report for an employment purpose between September 4, 2013 and May 1, 2016 but who were not hired by CPC, but excluding any individual who timely files a valid written notice of intent to opt-out of the Settlement.
>
> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eighth Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

Excluded from the Settlement Class is any individual who properly opts out of the Settlement Class pursuant to the procedure described herein.

3. The Court preliminarily finds that the Settlement Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3), and hereby certifies the Settlement Class for settlement purposes only. The Court hereby finds, in the specific context of this Class Settlement, that:

2

a. Numerosity.

The parties estimate that the Settlement Class may include between 3,800 and 4,000 persons who meet this class definition. The numerosity requirement of FED. R. CIV. P. 23(a) is satisfied. Joinder of these widely-dispersed, numerous Settlement Class Members into one suit would be impracticable.

b. Commonality.

Common questions of law and fact with regard to the alleged conduct of CPC exist for each of the members of the Settlement Class. Plaintiff claims that CPC violated the Fair Credit Reporting Act, § 1681b(b)(3)(B) by taking adverse action against applicants for employment, and after doing so, failing to notify said applicants or employees within three business days. These allegations present the common questions of whether CPC's purported actions violated the FCRA as alleged. These issues are central to this case and are sufficient to establish commonality in light of the Agreement.

c. Typicality.

Plaintiff alleged that CPC took adverse action against Plaintiff as a result of a pre-employment background report and that CPC failed to provide him with the required notice within three business days. As a result, Plaintiff alleges he is entitled to statutory and punitive damages, attorneys' fees and costs. These claims are typical of the members of the Settlement Class and, therefore, the element of typicality is satisfied.

d. Adequate Representation.

Plaintiff's interests do not conflict with those of absent Class Members. Additionally, this Court recognizes the experience of Class Counsel A.J. Stecklein, Michael H. Rapp, Keith J.

Keogh, and Amy L. Wells, and finds under FED. R. CIV. P. 23(g) that the requirement for adequate representation of the Settlement Class has been fully met.

    e. Predominance of Common Issues.

Plaintiff has raised common issues of whether CPC took adverse action against applicants relating to information in a consumer report or background check, and after doing so, failing to notify said applicants or employees within three business days. In the context of this Class Settlement, these issues predominate over any individual questions, favoring class treatment.

    f. Superiority of the Class Action Mechanism.

The class action mechanism is ideally suited for treatment of the settlement of this matter. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

4. The Court determines that Jeffrey Hoeflicker is adequate to represent the Settlement Class.

5. Pursuant to Fed. R. Civ. P. 23(g), the Court determines that Mr. Hoeflicker's counsel, A.J. Stecklein, Michael H. Rapp, Keith J. Keogh, and Amy L. Wells, are adequate to represent the Class and appoints them Class Counsel.

### III. NOTICE TO CLASS MEMBERS

6. The Court has considered the Class Notice, attached as Exhibits 2 and 3 to the Agreement, including the proposed forms of notice, Summary Notice and Full Notice, and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy

the Constitutional requirements of notice. The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice and Full Notice) and orders that notice be given in substantial conformity therewith. The notice program shall commence no later than 30 days after entry of this Order, on or about September 7, 2016 (the "Notice Deadline").

The parties are be directed to retain (or instruct the Settlement Administrator to retain) a count of the number of Summary Notices that are returned as undeliverable. The Court will require information as to the number of Summary Notices that are sent and the number of Summary Notices that are returned in advance of any hearing for final approval of the settlement. (*See* Doc. 37, p. 4; Doc. 38-4, ¶¶ 6-9.)

The costs of preparing, printing, publishing, mailing, and otherwise disseminating the notice shall be paid solely from the Settlement Fund in accordance with the Agreement.

7. The Court appoints First Class, Inc. as Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a) arranging for distribution of the Class Notice to Settlement Class Members; (b) making any other mailings to Settlement Class Members required under the terms of this Agreement; (c) answering any inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee as appropriate; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement; (e) receiving and processing exclusions and distributing payments to Settlement Class Members; and (f) otherwise assisting with implementation and administration of the terms of this Agreement.

## IV. REQUEST FOR EXCLUSION FROM THE CLASS

8. A member of the Settlement Class who wishes to be excluded from the Settlement Class must mail a written notice of exclusion to the Claims Administrator, so that it is postmarked no later than 60 days after the Notice Deadline, or November 7, 2016 (the "Opt-Out Deadline"), and shall clearly state his or her name and physical address and that he or she desires to opt-out of the settlement or otherwise do not wish to participate in the settlement.

9. Any Settlement Class Member who submits a valid request for exclusion as set forth above shall not be bound by the Agreement, or the Order of Final Approval. Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Class Counsel and Counsel for CPC.

10. Any Settlement Class Member who does not properly and timely mail a notice of exclusion as set forth above shall be automatically included in the Settlement Class, and shall be bound by all of the terms and provisions of the Agreement, and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement. In no event shall Settlement Class Members who purport to opt-out of the settlement as a group, aggregate, collective, or class involving more than one Settlement Class Member be considered a successful opt-out.

11. If more than five percent (5%) of the potential Settlement Class Members validly and timely opt out of the class, CPC may in its sole discretion exercise its right to void the Settlement, in which case this Order and the Agreement will be vacated, rescinded, cancelled and annulled, and the parties will return to the status quo ante as if they had not entered into the Agreement. In that event, the remainder of the Settlement Amount, net of actual costs incurred

for distribution of the Class Notice, shall revert back to CPC, and evidence of the settlement, negotiations, and related proceedings will be inadmissible and will not be discoverable.

## V. FAIRNESS HEARING

12. A hearing on final settlement approval (the "Fairness Hearing") will be held on April 11, 2017, at 10:00 a.m. before this Court, at the United States District Court for the Western District of Missouri, 400 East 9th Street, Courtroom 7A, Kansas City, MO 64106, to consider, inter alia, the following: (a) the fairness, reasonableness and adequacy of the Class Settlement; (b) the dismissal with prejudice of the Litigation; (c) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives (the "Fee Petition") should be granted; (d) whether to approve the proposed plan of allocation and distribution; and (e) whether to finally approve the Agreement, including the terms therein concerning release of claims by the Settlement Class and each of the Settlement Class Members.

13. At least two weeks before the Fairness Hearing, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; (ii) a report of the total number Summary Notices sent and the number of Summary Notices Returned, and (iii) any Fee Petition.

14. Any Settlement Class Member who has not filed a notice of exclusion in the manner set forth above and who has timely filed their objection may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court. However, no person shall be heard in opposition to the Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon Class Counsel and Counsel for CPC listed below within 60 days after Notice Deadline. Such person must (a) file with the Clerk of the

Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition within 60 days after Notice Deadline, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below within 60 days after Notice Deadline. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

15. Counsel for the Parties who must be served with all documentation described above are as follows:

> Counsel for the Settlement Class
> A.J. Stecklein
> Michael H. Rapp
> Stecklein & Rapp Chartered
> 748 Ann Avenue
> Kansas City, Kansas 66101
>
> Keith J. Keogh
> Amy L. Wells
> Keogh Law, Ltd.
> 55 W. Monroe Street, Suite 3390
> Chicago, IL 60603
>
> Counsel for CPC Logistics, Inc.
> Michael Harris
> Harris Dowell Fisher & Harris, L.C.
> 15400 S. Outer Forty, Suite 202
> Chesterfield, MO 63017
>
> Justin M. Dean
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> 4520 Main Street, Suite 400
> Kansas City, MO 64111

16. Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed above, and file it with the Court, within 60 days after the Notice Deadline.

17. The date and time of the Fairness Hearing shall be set forth in the Notice and Summary Notice, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the notice program.

## VI. OTHER PROVISIONS

18. Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

19. In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the rights of Plaintiff and CPC before they entered into the Agreement. Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability or wrongdoing by any Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order, or by any Party in connection with any action asserting Released Claims.

20. The following summarize the deadlines stated above for issuing notice and submitting claims and objections:

| **September 7, 2016** | Deadline for notice of the Settlement to be sent to the Settlement Class Members |
|---|---|
| **November 7, 2016** | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) and file any statement of intention to appear at the fairness hearing. |
| **December 7, 2016** | Deadline for Parties to file the following: <br> (1) List of persons who made timely and proper requests for exclusion (under seal); and <br> (2) Proof of Class Notice. |
| **March 28, 2017** | Motion and memorandum in support of final approval, including responses to any objections. |
| **April 11, 2017 at 10:00 a.m.** | Final Approval Hearing |

**IT IS SO ORDERED**.

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: August 8, 2016   UNITED STATES DISTRICT COURT